UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
INTEGRATED CONSTRUCTION                                     :
ENTERPRISES, INC.,                                          :
                                                            :
                                    Plaintiff,              :
                                                            :         16-cv-5561 (KBF)
                       -v-                                  :
                                                            :         OPINION & ORDER
GN ERECTORS, INC., et al.,                                  :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

Integrated Construction Enterprises, Inc. ("ICE") brings this diversity

action against several defendants, including Patriot Armored Systems, LLC

("Armor") in connection with the construction of a new security entrance

pavilion at the Daniel P. Moynihan Federal Courthouse in Manhattan. In

response to ICE's Amended Complaint ("AC") and the crossclaim brought by

GN Erectors, Inc. ("GN"), Armor has filed a motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the

motion is GRANTED.

I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

This case involves a larger dispute among several parties who were

involved in the construction project. The Court here recounts only those facts

relevant to resolving Armor's motion to dismiss.

---

[1] The following facts are taken from the AC, which the Court accepts as true for purposes of
the present motion.

ICE is in the construction business. (AC ¶ 6, ECF No. 3.) On December 31, 2013, the U.S. General Services Administration ("GSA") selected it to be general contractor for the construction of a new security entrance pavilion at the courthouse (the "project"). (*Id.* ¶¶ 24, 27.) In September 2014, ICE subcontracted with GN for the project. (*Id.* ¶¶ 8, 29, 38.) The intent was that GN would execute an agreement with ICE, and then sign purchase orders with suppliers to provide it with the materials necessary to implement the subcontract agreement. (*Id.* ¶ 45.) Armor was a glass supplier to GN.[2] (*Id.* ¶ 13.) As discussed below, Armor did not have direct communications with ICE until 2015.

According to the AC, Armor did not timely deliver the glass, and GN did nothing to ensure its timely delivery. (*See id.* ¶¶ 85, 89-91, 94, 97-99, 105.) On November 25, 2015, GN represented that it would not interfere with ICE contacting Armor directly about the status of the glass and the delivery of the balance of materials from Armor. (*Id.* ¶¶ 108, 109.) On December 17, 2015, Sid Raman, ICE's president, and Ralph Tassone, Armor's Chief Financial Officer, agreed that ICE would pay Armor $45,500.85 by December 18, 2015 "for all pieces currently on order and previously delivered." (*Id.* ¶¶ 70, 124, 126.) As part of that agreement, Armor agreed that twenty-three of twenty-four pieces of glass from a previous order would be delivered by December 23 or 24, 2015, and that several additional pieces of glass that ICE

---

[2] According to the AC, U.S. Armor LLC became Patriot Armor, LLC or Patriot Armored Systems, LLC on April 1, 2016. (*Id.* ¶ 14.) The Court will refer to the defendant as Armor for all periods.

would order directly from Armor were expected to be delivered in four weeks. (*Id.* ¶ 126.) That evening, ICE sent Armor a check for the full amount. (*Id.* ¶ 128.) On December 23, 2015, Armor emailed ICE a $5,105.30 invoice for an order of six insulated pieces of glass, which ICE was to pay by January 1, 2016. (*Id.* ¶ 129.) On January 4, 2016, Armor informed ICE it had not yet received the check. (*Id.* ¶ 130.) Armor stated it would not release the glass until ICE confirmed the check had been sent. (*Id.* ¶ 130.)

ICE brought this lawsuit against several defendants, including Armor, on July 13, 2016. (Compl., ECF No. 1.) It filed the AC on July 15, 2016. ICE brings three claims against Armor: breach of contract (Count Three), breach of the implied covenant of good faith and fair dealing (Count Four), and promissory estoppel (Count Five). On August 26, 2016, GN filed a crossclaim against Armor for contribution or indemnification. (Crossclaim ¶¶ 223-229, ECF No. 24.) On October 27, 2016, Armor filed a motion to dismiss ICE's AC, and GN's crossclaim, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] (Mot. Dismiss, ECF No. 43.) The motion to dismiss ICE's claims against Armor was fully submitted as of November 7, 2016. GN has not responded to Armor's motion to dismiss its crossclaim. The case was transferred to the undersigned on November 22, 2016.

---

[3] The motion to dismiss originally was filed on October 17, 2016, (ECF No. 42), but was refiled on October 27, 2016 due to a docket entry error.

II.     LEGAL PRINCIPLES

A claim is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a claimant must provide grounds upon which their claim rests through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.    ANALYSIS

a.  ICE'S AC

Armor seeks to dismiss the three claims ICE brings against it in the AC. For the reasons stated below, Armor's motion is GRANTED.

i.  Breach of Contract

In order to state a claim for breach of contract under New York law,[4] a plaintiff must allege: "(1) the existence of a contract; (2) a breach of that

---

[4] The parties agree that New York law applies to this dispute.

contract; and (3) damages resulting from the breach." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (citations omitted).

The AC plausibly alleges the existence of two contracts between ICE and Armor: (1) the December 17, 2015 agreement whereby ICE would pay Armor $45,500.85 by December 18, 2015 to deliver twenty-three pieces of glass by December 23 or 24, 2015, and several other pieces of glass in four weeks, (AC ¶ 126); and (2) the December 23, 2015 purchase order that stated ICE would pay Armor $5,105.30 by January 1, 2016 for six insulated pieces of glass, (*id.* ¶ 130).[5] Armor does not dispute the existence of these agreements, but instead argues that the facts alleged do not support a breach. The Court agrees.

In terms of the first agreement, ICE sufficiently alleges that it paid $45,500.85 by December 18, 2015, as it was required to do. (AC ¶ 128.) However, because ICE does not allege whether Armor delivered the glass by

---

[5] In its opposition to Armor's motion to dismiss, ICE argues that it entered into a contract with Armor in August and September 2015. However, the breach of contract claim against Armor alleges that ICE and Armor entered into a contract whereby ICE would pay Armor to supply glass for the project, (AC ¶ 155), and the AC's allegations regarding the August and September 2015 communications between the parties make no mention of any payment—or any offers to pay—by ICE, (*id.* ¶¶ 85, 90, 99). To the extent that ICE is attempting to amend its pleadings through its opposition, the Court will not permit that. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). Further, as the AC makes clear—the section addressing these allegations is titled "GN's Failure to Confirm Glass Shipment from U.S. Armor"—the August and September 2015 conversations between ICE and Armor addressed preexisting purchase orders between GN, as subcontractor, and Armor, as GN's supplier. (*See also* AC ¶ 91 ("GN made no attempt to coordinate [efforts to expedite the glass delivery] with *its supplier*, U.S. Armor." (emphasis added)); *id.* ¶ 105 ("By mid-October 2015, GN had yet to provide ICE with dates that U.S. Armor would deliver the remaining glass."); *id.* ¶ 113 (By November 2015, "it was clear to ICE that GN . . . had failed to manage the suppliers[, specifically Armor,] and comply with GN's contractual obligations.").) This conclusion is supported by the fact that ICE nowhere alleges any consideration for Armor's promises in August and September 2015 to deliver the glass. *See Intl'l Paper Co. v. Suwyn*, 951 F.Supp. 445, 448 (S.D.N.Y. 1997).

the deadlines on which the parties agreed, it has failed adequately to allege breach of that contract. In terms of the second agreement, nowhere in the AC does ICE allege whether it paid the $5,105.30 or whether or when the six insulated pieces of glass were delivered. Plaintiff, therefore, also has failed to allege breach of that agreement. Neither party has pointed to, nor has the Court found, any exhibits integral to the AC that fill the gaps of these pleading deficiencies. *See Time Warner, Inc. v. Chambers*, 282 F.3d 147, 153 (2d Cir. 2002). Accordingly, ICE's breach of contract claim against Armor is dismissed.[6]

      ii.  Breach of Implied Covenant of Good Faith and Fair Dealing

Generally, under New York law, a cause of action alleging breach of the implied covenant of good faith and fair dealing is duplicative of a cause of action alleging breach of contract. *See Deutsche Bank Nat'l Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015). "[A] claim for breach of the implied covenant can survive a motion to dismiss only 'if it is based on allegations different than those underlying the accompanying breach of contract claim' and if the relief sought is not 'intrinsically tied to the damages allegedly resulting from the breach of contract.'" *In re Refco Inc. Secur. Litig.*, 826 F. Supp. 2d 478, 496 (S.D.N.Y. 2011) (quoting *Ari and Co., Inc. v. Regent Int'l Corp.*, 273 F. Supp. 2d 518, 521-22 (S.D.N.Y. 2003)).

---

[6] It is not "an abuse of the district court's discretion to order a case closed when leave to amend has not been sought." *Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 20 (2d Cir. 2014) (quoting *Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999)).

In Count Four of the AC, ICE alleges that the contracts between it and Armor "contained covenants of good faith and fair dealing requiring that [Armor] would [not] do anything that had the effect of destroying the right of plaintiff to receive the benefits of the contract." (AC ¶ 159.) Further, the damages ICE seeks in Count Four are identical to those it seeks in Count Three for breach of contract. Despite ICE's arguments to the contrary in its opposition brief, the pleading makes clear that this claim is entirely redundant of the breach of contract claim. Accordingly, the motion to dismiss Count Four of the AC against Armor is granted.

iii.  Promissory Estoppel

"A cause of action for promissory estoppel under New York law requires the plaintiff to prove three elements: 1) a clear and unambiguous promise; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000) (citing *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 301 (2d Cir. 1996)). As a quasi-contractual claim, "promissory estoppel generally applies only in the absence of a valid and enforceable contract." *Kwon v. Yun*, 606 F. Supp. 2d 344, 368 (S.D.N.Y. 2009).

As an initial matter, the parties do not dispute the existence of the two December 2015 agreements described herein. Accordingly, plaintiff's promissory estoppel claim cannot be maintained.[7] Even if the agreements

---

[7] In its opposition brief, ICE argues that a plaintiff "may plead quantum meruit as an alternative to breach of contract if the validity of the contract is disputed." (Opp'n Mem. Law

were contested, however, plaintiff has not alleged facts sufficient to make out a claim for promissory estoppel. As to the first contract, the AC does not state that Armor did not deliver the glass and, therefore, ICE has not alleged injury stemming from any reliance on that promise. As to the second agreement, ICE has not alleged reasonable and foreseeable reliance because the AC does not state that ICE paid Armor by the deadline included in the purchase order. Accordingly, Count Five of the AC as it relates to Armor is dismissed.

b.  GN's Crossclaim

Armor also argues in its motion to dismiss that GN's crossclaim for contribution or indemnity from Armor should be dismissed pursuant to Rule 12(b)(6). GN has not filed an opposition responding to these arguments.[8] The Second Circuit has held that, "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000). The Court independently has determined that GN's crossclaim against Armor fails to state a claim.

i.  Contribution

In New York, "parties may not seek contribution for purely economic loss and thus may not seek contribution where . . . the underlying action is

---

33, ECF No. 46.) The validity of the two December 2015 contracts, however, is not disputed. More importantly, the AC does not allege a cause of action for quantum meruit.

[8] Given that it signed onto a stipulation extending Armor's time to respond to ICE's AC and GN's crossclaim, GN cannot reasonably argue that it was not on notice of Armor's motion to dismiss. (*See* Stipulation, ECF No. 33.)

one for breach of contract." *U.S. Bank, Nat'l Ass'n v. Commonwealth Land Title Ins. Co.*, 2015 WL 1291151, at *2 (S.D.N.Y. Mar. 23, 2015). Here, GN has failed "to plead any predicate tort liability upon which [its] contribution claim[] may be based." *Trump Vill. Section 3, Inc. v. New York State Hous. Fin. Agency*, 764 N.Y.S.2d 17, 23 (1st Dep't 2003) ("Where a plaintiff's direct claims against a codefendant seek only a contractual benefit of the bargain recovery, their tort language notwithstanding, contribution is unavailable."). Instead, GN seeks contribution from Armor for "an amount equal to the amount determined to be GN's liability to [ICE] for damages alleged to have arisen *from the breach of the subject Subcontract Agreement*." (Crossclaim at 27 (emphasis added).) Accordingly, GN's contribution crossclaim is dismissed.

ii.  Indemnification

Nowhere in the crossclaim does GN allege that any agreements between it and Armor included express indemnification provisions, therefore GN's indemnification crossclaim must rest on implied indemnification. However, GN may not seek implied indemnification because, "if found liable to the plaintiff in the underlying action, [it] will have necessarily participated in the wrongdoing by breaching the contract." *U.S. Bank, Nat'l Ass'n*, 2015 WL 1291151, at *3. GN also has not alleged an implied right to indemnification based on the "special nature" of the contractual relationship between the parties. *Peoples' Democratic Republic of Yemen v. Goodpasture,*

*Inc.*, 782 F.2d 346, 351 (2d Cir. 1986). Accordingly, GN's crossclaim for indemnification from Armor also is dismissed.

IV.    CONCLUSION

For the reasons set forth above, Armor's motion to dismiss is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 43, and to terminate Armor from the case.

SO ORDERED.

Dated:      New York, New York
            December 8, 2016

_____
        KATHERINE B. FORREST
        United States District Judge